**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

ERICK MANUEL CANO CAMPOS
C/O MELEHY & ASSOCIATES, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
*Plaintiff,*

v.

MULTI SERVICES GENERAL CONTRACTOR INC
603 7th St, Suite 102
Laurel, Maryland 20707

Serve: MAURICIO ENRIQUE GONZALEZ
603 7th St, Suite 102
Laurel, Maryland 20707

MAURICIO ENRIQUE GONZALEZ
7700 Locust Wood Road
Severn, Maryland 21144,

*Defendants*.

Civil Action No.: 26-1876

**COMPLAINT**

Plaintiff Erick Manuel Cano Campos brings this action against Defendants, Multi Services General Contractor Inc. ("MSGC") and Mauricio Enrique Gonzalez ("Gonzalez"), (collectively "Defendants") for violations of his rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiff alleges as follows:

**THE PARTIES**

1. Plaintiff is an adult resident of Maryland. He was employed by MSGC from in or around September 2022, through late January 2024, as a laborer, performing various construction duties at multi-unit residential buildings such as apartments and condominiums. For purposes of the Complaint, the "relevant period" in this case is May 5, 2023, to late January 2024. Plaintiff's typical workday began around 7:00 a.m., when he reported to MSGC's headquarters to receive instructions and travel as part of a work crew in MSGC's truck or van to the work site. Plaintiff's day ended sometime between 6:00 p.m. and 8:00 p.m., when the crew returned to MSGC's headquarters. Plaintiff estimates that he worked an average of approximately 66 hours per week. Defendants, however, paid him a fixed daily salary of $130, without paying him an overtime premium for his overtime hours.

2. MSGC is a corporation organized under the laws of the State of Maryland. MSGC maintains its principal office at 603 7th Street Suite 102, Laurel, Maryland 20707. MSGC was Plaintiff's employer within the meaning of the FLSA, the MWHL and the MWPCL, because, during the relevant period: it hired Plaintiff; it set his rate and manner of pay; it maintained his employment records; it supervised Plaintiff; it set his schedule; it paid Plaintiff; it had the authority to hire and fire him; and it committed the violations of the FLSA, the MWHL and the MWPCL that are at issue in this case.

3. MSGC constitutes an "enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as MSCG had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business

done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

4. Gonzalez is an employer of Plaintiff within the meaning of FLSA, the MWHL, and the MWPCL because: (1) he has been an owner, member, officer and President of MSGC; (2) he was significantly involved in MSGC's business operations; (3) he was responsible for creating and enforcing MSGC's policies and procedures governing employee compensation and benefits, including overtime pay; (4) he hired Plaintiff, set his rate of pay and set his work schedule; (5) he controlled the corporate funds of MSGC which were used to pay Plaintiff and he could and did allocate funds as profits for his own benefit; (6) he set and determined the daily salary for Plaintiff, and the unlawful method by which his pay was computed; (7) he acted with knowledge of or approved the unlawful pay practices of not paying for any overtime hours; (8) he had authority to hire, fire, and discipline Plaintiff; (9) he made or approved the decision to engage in the illegal pay practices that are the subject of this lawsuit in order to make MSGC more profitable; (10) he paid Plaintiff and issued checks to him; and (11) he maintained Plaintiff's employment records.

**VENUE**

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)(1) because Defendants did business in Maryland and/or are headquartered in Maryland and the events giving rise to this case occurred in Maryland.

**SUBJECT MATTTER JURISDICTION**

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal

questions and the Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

## PERSONAL JURISDICTION

7. This Court has specific and general personal jurisdiction over MSGC under Md. Cts. & Jud. Proc. Code Ann. §§ 6-102 and 6-103 because it conducts business in the State of Maryland, it is organized under the laws of the State of Maryland, it is headquartered and domiciled in the State of Maryland, it has a resident agent in Maryland and it will be served in Maryland. Moreover, Plaintiff's claims arise out of or relate to MSGC's contacts with the State of Maryland because all of the Defendants' violations of FLSA, the MWHL, and the MWPCL occurred in Maryland.

8. This Court has general and specific personal jurisdiction over Gonzalez under CTS. & JUD. PROC. CODE ANN. §§ 6-102 and 6-103 because he is domiciled in Maryland and he transacts business there through his ownership and involvement with MSGC. Moreover, Plaintiff's claims arise out of Gonzalez's contact with the State of Maryland because the violations of FLSA, the MWHL, and the MWPCL occurred there.

## STATEMENT OF FACTS

9. On or around early January 2022, Gonzalez hired Plaintiff as a laborer to work on a construction crew that did various jobs at residential and commercial buildings. At all times relevant to the Complaint, Plaintiff was non-exempt under the overtime provisions of FLSA and the MWHL.

10. During the relevant period, Plaintiff worked a regular schedule from Monday through Friday, averaging between 11 and 13 hours each day. He began work at 7:00 a.m., reporting to the office, located at 6012 Norman Avenue, Riverdale, Maryland, where he received

work instructions and rode with a crew to the job site. Plaintiff continued working until sometime between 6:00 p.m. and 8:00 p.m. when the crew, including Plaintiff, would return to MSGC's headquarters. Plaintiff also worked nearly every Saturday, following the same schedule as on weekdays. Gonzales was present at the office on most days when Plaintiff arrived there in the morning and at most times when Plaintiff arrived at the office after completing work on the last job site of the day. At all times during Plaintiff's employment with Defendants, Gonzalez was responsible for assigning Plaintiff's duties, supervising him, setting his schedule, determining his rate and manner of pay, and approving the amount and frequency of his pay.

11. At all times during Plaintiff's employment with Defendants, Plaintiff was paid a flat daily rate of $130 a day, regardless of the number of hours he worked.

12. At all relevant times, Plaintiff was paid by check. All checks were issued and approved personally by Gonzalez, who exercised control over payroll practices and the payment of wages.

13. Plaintiff did not receive a bona fide lunch break. Although he was often allowed 20-minutes to eat lunch, he was frequently interrupted during lunch with work related tasks or questions or he would eat while working.

14. Defendants never provided any document to Plaintiff classifying him as overtime exempt.

15. On average, Plaintiff estimates he worked approximately 66 hours per week. However, there were weeks when Plaintiff worked more than 66 hours.

16. Gonzelez knew or should have known that Plaintiff was working more than 40 hours in a work week because Gonzelez scheduled Plaintiff to work more than eight hours in a workday and more than five days per week; Also, directly and through intermediate managers,

Gonzelez observed Plaintiff routinely working six days per week and more than eight hours in a workday because he would observe Plaintiff working at the job sites, he would observe Plaintiff arrive at the Defendants' office to begin work and Gonzales would observe Plaintiff arrive at the office after leaving the last job site of the day.

17. Despite this, Defendants never paid Plaintiff an overtime premium for his overtime hours.

18. During the relevant period, the minimum wage in the State of Maryland ranged from $12.50 per hours to $15.00 per hour.

19. During the relevant period, Defendants paid Plaintiff a fixed daily rate that often caused his effective hourly wage to fall below the applicable Maryland minimum wage.

20. Plaintiff is not in possession of his time records and is not in possession of his payroll records. These records are in the possession of the Defendants.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. §§ 201 – 216 (b)**

21. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

22. This Count covers the period from May 5, 2023, through Plaintiff's last day of work in January 2024.

23. At all times relevant to this Complaint Defendants were "employer[s]" of Plaintiff within the meaning of the FLSA.

24. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

25. At all times relevant to the Complaint, MSGC was an enterprise engaged in commerce within the meaning of the FLSA.

26. Defendants violated the FLSA by failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked in a work week.

27. Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

28. Plaintiff cannot calculate his damages because he is not in possession of all pertinent records.

29. As a result, Defendants are liable to Plaintiff pursuant to 29 U.S.C. § 216 (b) for unpaid and illegally withheld overtime wages and an additional equal amount as liquidated damages, court costs, and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann., Lab. & Empl. §§ 3-413, 3-420**

30. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

31. This Count covers the period from May 5, 2022, through Plaintiff's last day of work in January 2024.

32. At all times relevant to this Complaint, Defendants were "employer[s]" of the Plaintiff within the meaning of the MWHL

33. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

34. Defendants violated the MWHL by failing to pay Plaintiff the applicable Maryland Minimum Wage and by failing to pay him the required overtime premium for his overtime hours.

35. Defendants did not act in good faith or with a reasonable belief that their actions were lawful, entitling Plaintiff to liquidated damages.

36. As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid overtime and minimum wages and an additional equal amount as liquidated damages, court costs, attorneys' fees and costs.

**COUNT III**
**VIOLATIONS OF THE MWPCL**
**Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2**

37. Plaintiff repeats and incorporates by reference all allegations set forth above.

38. This Count covers the period from May 5, 2023, through January 2024.

39. At all times relevant to this Complaint, Defendants were "employer[s]" of the Plaintiff within the meaning of the MWPCL.

40. At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWPCL.

41. Defendants knowingly, willfully, and intentionally violated the MWPCL by failing to pay Plaintiff the Maryland minimum wage and the required overtime premium for overtime hours.

42. Defendants' unlawful failure or refusal to pay the required wages was not the result of a bona fide dispute within the meaning of the MWPCL.

43. As a result, Defendants are liable to Plaintiff pursuant to the MWPCL for his unpaid overtime and Maryland minimum wages and an additional equal amount as liquidated damages equivalent to twice the amount of the unpaid wages plus court costs, attorneys' fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a) enter a judgment against Defendants, and in favor of Plaintiff under the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages;

b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff based on their violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime premium and Maryland minimum wages and an equivalent sum as liquidated damages;

c) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld overtime and Maryland minimum wages, and liquidated damages equivalent to twice the amount of the unpaid wages; and

d) award Plaintiff his litigation costs and reasonable attorneys' fees incurred in this action.

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy,
MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com

/s/Andrew Balashov
Andrew Balashov
MD Bar No.: 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: abalashov@melehylaw.com

*Counsel for Plaintiff*